IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-mj-0112-B |
| | ) | WO |
| LUIS F. ACOSTA-VAZQUEZ | ) | |

**ORDER and OPINION ON MOTION FOR DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court conducted a detention hearing on September 21, 2005, pursuant to the Government's *Motion for an order of detention,* included in its *Motion for Detention Hearing* (Doc.5, September 14, 2005), as amended orally at the onset of the detention hearing (a) to state the eligibility of this defendant for detention because he is charged with a drug offense for which the prescribed prison term is not less than 5 years nor more than 40 years, thus satisfying the eligibility criterion of a term of ten years or more. After considering testimony from two witnesses for the United States and the pretrial services officer summoned by defendants, as well as arguments of counsel, the court concludes that the defendant should be detained pending trial in this case.

**Part I -- Findings of Fact**

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.  He is charged in a criminal complaint, along with Julio Cesar Mosquera, with knowingly and intentionally possessing with intent to distribute cocaine seized following a vehicular search incident to a traffic stop by a state trooper.  The limits of punishment for this offense include a prison term which is not less than 5 years nor more than 40 years.   The defendant has not  rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.    There is a serious risk that the defendant will not appear.

**Part II - Written Statement of Reasons for Detention**

The court concurs with the pretrial service officer's assessment that detention is warranted on account of the nature of the offense in combination with serious questions raised about the true

identity of this defendant.  The arresting state trooper, Andy Sutley, testified regarding the bundles of cocaine (appx. 4.6 pounds) along with a large sum of bundled and loose currency totaling over $32,000,  found in a concealed compartment located under the console area between the two front seats.  Although the defendant presented an apparently valid North Carolina driver's license, he did not claim ownership of the vehicle and  did not have registration documents.  The assigned case agent, Robert Thornton, an ABI/HIDTA narcotics agent, testified that a check of the driver's license uncovered an alias for the defendant, Julio Lopez, and the defendant admitted having used that alias. Investigative records disclose an outstanding arrest warrant in New York for a defendant under the alias name, and agents cannot have not yet clarified this defendant's true identity or his residence  The defendant is an admitted daily user of marijuana, which was found not only in his vehicle but also in his pocket.   The defendant has no ties to Alabama and was traveling from Houston, Texas – his stated home for 3 years –  allegedly to North Carolina; his reported work as a laborer for a window company could not be verified..  Clear and convincing evidence compels the conclusion that the defendant poses a serious risk of flight and that no condition or combination of conditions will reasonably assure his appearance as required and protect the community.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this 22nd day of September, 2005.

**/s/ Delores R. Boyd**
DELORES R.  BOYD
UNITED STATES MAGISTRATE JUDGE